**Balbir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72579.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 7, 2006.

Balbir Singh, Caruthers, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Issac R. Campbell, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM**

Petitioner Balbir Singh seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his petition for asylum, withholding of removal and protection under the Convention Against Torture. The parties are familiar with the facts and we do not repeat them here.

I

The IJ denied asylum and expressly determined that Singh failed in his burden to present "credible, direct and reasonable evidence." That adverse credibility determination is supported by substantial evidence. The IJ determined Singh incredible partially based on the inconsistencies among his sworn statements and his evasiveness when questioned about those inconsistencies. For example, the IJ observed timeline discrepancies involving how long Singh's first detention by Indian police lasted, how long he spent recovering

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from the beatings police allegedly inflicted during that detention, and when he fled the country. The IJ also cited Singh's varying testimony about the length of his detention by police when he returned to India after having fled: Singh alternately testified that the detention lasted ten days, five to six days, or a week. These discrepancies go to the heart of Singh's claim because he premises his claim of past persecution on these detentions by Indian police. The IJ further noted that when confronted with these inconsistencies, Singh was evasive and unable to offer adequate explanation. Evasiveness when questioned about discrepancies in testimony supports an adverse credibility determination. *Wang v. INS*, 352 F.3d 1250, 1256 (9th Cir.2003). The reasons the IJ provided are supported by substantial evidence and go to the heart of the claim; we are obliged to uphold the adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004).

## II

By failing to meet the standard for asylum, Singh fails to meet the standard for withholding of removal. *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001). Similarly, Singh has presented no evidence beyond his discredited testimony that demonstrates he would, more likely than not, be tortured if removed to the proposed country and has failed to qualify for relief under the Convention Against Torture. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**